UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEC US 1 LLC,** *et al.*, <br><br>   Plaintiffs, <br><br>   v. <br><br> **FRONTIER RENEWABLES, LLC,** *et al.*, <br><br>   Defendants. | Case No.: 16-cv-1276 YGR <br><br> **ORDER GRANTING DEFENDANTS BALDUIN HESSE AND REINHARD HESSE'S MOTION TO DISMISS WITH PREJUDICE THE SECOND AMENDED COMPLAINT** |
| **FRONTIER RENEWABLES, LLC,** <br><br>   Counterclaim Plaintiff, <br><br>   v. <br><br> **ACTIV SOLAR GMBH,** *et al.*, <br><br>   Counterclaim Defendants. | Re: Dkt. No. 141 |

**TO PARTIES AND COUNSEL OF RECORD:**

In an Order of this date, the Court provides a synopsis of the parties and claims which it adopts here.

On September 7, 2016, the Court dismissed plaintiffs' conversion claim as to defendants Balduin Hesse and Reinhard Hesse (collectively the "individual defendants"), finding that "the totality of the allegations against the individual defendants in their individual, as opposed to their corporate, capacities is conclusory." (Order on Motions to Dismiss, Dkt. No. 120, at 13.) Specifically, the Court found plaintiffs had not pleaded properly that (1) "the individual defendants themselves made any particular decision(s) to exert control over Wright Solar improperly" and (2) "the individual defendants personally possessed the converted property interest." (*Id.*) At oral argument on the previous motion to dismiss, counsel for plaintiffs also

1  represented that he was unaware of additional facts to be alleged against the individual defendants.
2  (*Id*. at 15, n. 8.)
3  Nonetheless, the Court granted plaintiffs leave to file a second amended complaint on
4  November 3, 2016 to afford plaintiffs an opportunity to cure the noted deficiencies. (Dkt. No.
5  137.) Plaintiffs filed their second amended complaint ("SAC") on November 3, 2016. (Dkt. No.
6  138.) As to the individual defendants, the SAC only alleges conversion (Count Three), a claim
7  which is only brought by plaintiff AS (Wright).
8  The individual defendants again move to dismiss the claim for conversion as not properly
9  pled against them, arguing that the claim for conversion remains facially implausible. (Dkt. No.
10 141.) The Court agrees. Plaintiff AS (Wright) has once again failed to plead properly that the
11 individual defendants *personally possess* any allegedly converted property.
12 In its opposition to the motion, Dkt. No. 152 at 5, plaintiff AS (Wright) points to Paragraph
13 83 of the SAC, but a nearly identical paragraph was already pleaded in the first, failed attempt to
14 allege a conversion claim against the individual defendants. (*Compare* SAC ¶ 83, *with* First
15 Amended Complaint, Dkt. No. 70, ¶ 71.) A comparison shows that plaintiff AS (Wright) only
16 adds a conclusory allegation that individual defendants "neglected those official fiduciary duties to
17 AS (Wright)." Paragraph 83 of the SAC therefore adds no factual allegations.
18 Plaintiff AS (Wright) also relies heavily on Paragraph 84 of the SAC, Dkt. No. 152 at 6,
19 which alleges that:

> As the controlling members and officers of Frontier, the Individual Defendants' intentional decision to steal AS (Wright)'s interests has resulted in possession of AS (Wright)'s interest and the increase in value of their own personal membership interests in Wright Solar.

This too parrots one previously pleaded and fails to allege adequately that the individual defendants (as opposed to Frontier) possess any allegedly converted property interest in Wright Solar. (*Compare* SAC ¶ 83, *with* First Amended Complaint, Dkt. No. 70, ¶ 72.) Even if Frontier did improperly take possession of the property at issue, plaintiff AS (Wright) once again fails to explain how this necessarily translates to the individual defendants personally possessing the property, even assuming that the individual defendants are controlling members of Frontier with

2

full decision-making authority.

Finally, individual defendants ask that the Court dismiss the SAC with prejudice as to the individual defendants. The Court agrees that plaintiff AS (Wright) should not be afforded a fourth opportunity to plead these claims, where plaintiff AS (Wright) has so obviously ignored the deficiencies identified by the Court in its initial Order dismissing the conversion claim against the individual defendants. Thus, further amendment would be futile and a waste of judicial and party resources.

Accordingly, the individual defendants' motion to dismiss the SAC is **GRANTED.** Count Three is **DISMISSED WITH PREJUDICE** as to the individual defendants.

This Order terminates Dkt. No. 141.

**IT IS SO ORDERED.**

Dated: February 15, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**