UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEC US 1 LLC, *et al.*,**<br><br>         Plaintiffs,<br><br>    v.<br><br>**FRONTIER RENEWABLES, LLC, *et al.*,**<br><br>         Defendants. | Case No.: 16-cv-1276 YGR<br><br><br>**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT** |
| **FRONTIER RENEWABLES, LLC,**<br><br>         Counterclaim Plaintiff,<br><br>    v.<br><br>**ACTIV SOLAR GMBH, *et al.*,**<br><br>         Counterclaim Defendants. | Re: Dkt. Nos. 154, 176 |

**TO PARTIES AND COUNSEL OF RECORD:**

In an Order of this date, the Court provides a synopsis of the parties and claims which it adopts here. Presently pending before the Court is defendant Frontier's motion for partial summary judgment (Dkt. No. 154) and plaintiff AS (Wright)'s cross-motion for partial summary judgment (Dkt. No. 176).

Defendant Frontier moves for partial summary judgment as to its fifth cause of action, which seeks a judicial declaration that Frontier is the 100% owner of Wright Solar pursuant to the contractual default and remedy provisions contained in Section 11.3(b) of the Wright Solar Park LLC Amended & Restated Limited Liability Company Agreement (the "LLC Agreement," Dkt. No. 138-2).

1    Plaintiff AS (Wright) cross-moves for partial summary judgment that Section 11.3(b) of
2  the LLC Agreement does not apply and that, even if it does, AS (Wright) improperly interprets the
3  provision to provide a forfeiture remedy such that Frontier owns 100% of Wright Solar. Plaintiff
4  also raises waiver, estoppel, and ratification defenses.

5    Having carefully considered the papers submitted, the pleadings in this action, and oral
6  argument held January 31, 2017, and for the reasons discussed below, the Court **DENIES** both
7  motions for partial summary judgment.

## I.    APPLICABLE LAW ON SUMMARY JUDGMENT

Summary judgment is proper if the pleadings and evidence in the record "show that there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Any party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Material facts are those that might affect the outcome of the case. *Anderson v. Liberty Lobby. Inc.,* 477 U.S. 242, 248 (1986). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it could affect the outcome of the suit under governing law. *Id.* at 248–49.

Once the moving party meets its burden, the non-moving party may defeat summary judgment by showing, through admissible evidence, that a material factual dispute exists. *California v. Campbell.* 138 F.3d 772, 780 (9th Cir. 1998). When deciding a summary judgment motion, courts must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson,* 477 U.S. at 255; *Hunt v. City of Los Angeles,* 638 F.3d 703, 709 (9th Cir. 2011).

## II.    DISCUSSION

### A.    Background

On April 4, 2012, AS (Wright) and Frontier entered into a Membership Interest Purchase and Contribution Agreement (the "MIPCA," Dkt. No. 138-3), pursuant to which AS (Wright) obtained a 75% "Membership Interest" in, and became a "Member" of, Wright Solar, with

2

Frontier maintaining a 25% Membership Interest in Wright Solar. (Frontier's Separate Statement In Support of Motion for Partial Summary Judgment, Dkt. No. 156, Undisputed Material Fact ("UMF") 11-12.)

On April 6, 2012, and in conjunction with the MIPCA, AS (Wright) and Frontier entered into the LLC Agreement. (UMF 13.) The MIPCA incorporates the LLC Agreement by reference, and attaches a copy of the LLC Agreement as Exhibit B. (UMF 14.)

According to Frontier, AS (Wright) became a "Defaulting Member" under the LLC Agreement as a result of an "Insolvency Event," pursuant to Section 11.1(b) of the LLC Agreement. Section 11.1, entitled "Default," provides:

> A Member (a "**Defaulting Member**") shall be in default of its obligations under this Agreement (a "**Default**") if:
>
> (a) it (or its Affiliate, as applicable) fails to make an Committed Capital Contribution within the time periods set forth in Section 6.2(b); or
>
> (b) an Insolvency Event occurs in respect of such Member or any Affiliate that Controls the Member or its ultimate parent entity.

(Dkt. No. 138-2 at Section 11.1 (emphasis in original)).

Frontier argues that AS (Wright) became a Defaulting Member as a result of certain insolvency events experienced by Activ GmbH. Once AS (Wright) became a Defaulting Member, Frontier argues it was entitled to all of AS (Wright)'s share of Wright Solar pursuant to Section 11.3(b) such that it now owns 100% of Wright Solar. Section 11.3, entitled "Remedies," states:

> (a) The provisions of Article XVII [governing "Deadlock Resolution Procedures"] shall apply in the event of any Default pursuant to Section 11.1(a) that is not cured pursuant to the terms of this Agreement and the Parties shall have any remedies available at law.
>
> (b) If an Insolvency Event in respect of a Member in Default under this Agreement (a "**Defaulting Member**") has occurred, then the Defaulting Member unconditionally and irrevocably agrees that the other Member shall immediately be entitled to relief from any stay (including the so-called "automatic stay" arising under 11.U.S.C. §362) to allow the non-Defaulting Member to, among other things, take possession of and Dispose of the Membership Interests of the Defaulting Member and receive all Distributions in respect of the Membership Interests of the Defaulting Member pursuant to this Section 11.3.

(Dkt. No. 138-2 at Section 11.3 (emphasis in original)).

3

1    Frontier hinges its claim on the notion that Section 11.3 allows it to "take possession of
2    and Dispose of the Membership Interests of the Defaulting Member and receive all Distributions
3    in respect of the Membership Interests of the Defaulting Member." Plaintiff AS (Wright) counters
4    with two arguments. First, it disputes that it became a Defaulting Member under Section 11.1(b).
5    Second, even assuming that it became a Defaulting Member under Section 11.1(b), AS (Wright)
6    argues that Section 11.3(b) does not, as a matter of law, require forfeiture of a Defaulting
7    Member's interest such that Frontier now owns 100% of Wright Solar.

**B.    Analysis**

The Court finds that it cannot interpret Section 11.3(b) of the LLC Agreement to require forfeiture of AS (Wright)'s interest in Wright Solar as a matter of law. Instead, both parties have proffered evidence that creates disputed issues of material fact relating to the interpretation of Section 11.3(b)'s remedy. The provision is poorly drafted and consequently ambiguous.[1]

Further, the Court notes that Delaware law disfavors forfeiture. *See, e.g.*, *Hillman v. Hillman,* 910 A.2d 262, 270 (Del. Ch. 2006); *see also Garrett v. Brown*, No. CIV.A. 8423, 1986 WL 6708, at *8 (Del. Ch. June 13, 1986), *aff'd*, 511 A.2d 1044 (Del. 1986) ("Forfeitures are not favored and contracts will be construed to avoid such a result." (citations omitted)); *Clements v. Castle Mortg. Serv. Co.*, 382 A.2d 1367, 1370 (Del. Ch. 1977) (observing that forfeiture "is highly disfavored by the courts, including those of Delaware" (citations omitted)).Thus, the condition effecting a forfeiture "must be unambiguous." *Martin v. Hopkins*, No. CIV.A. 05C-04-027, 2006 WL 1915555, at *6 (Del. Super. Ct. June 27, 2006) (citation omitted).

Here, given the language of the LLC Agreement, the Court cannot find that Section 11.3(b)'s remedy is unambiguously forfeiture. For example, plaintiff argues that Section 11.3(b) is actually a prepetition waiver, which would merely require that a petitioning party be allowed to

---

[1] Accordingly, the Court declines to address the parties' arguments with respect to whether AS (Wright) became a Defaulting Member pursuant to Section 11.1(b). The Court finds that, even if AS (Wright) did become a Defaulting Member, Frontier would still not be entitled to summary judgment because, for the reasons stated above, Section 11.3(b)'s remedy is ambiguous and therefore does not, on this record and as a matter of law, entitle Frontier to AS (Wright)'s share of Wright Solar.

4

seek relief from the applicable bankruptcy stay with the Defaulting Member having agreed in advance not to oppose this request. Plaintiff argues that these are not self-executing but, rather, require the approval of the bankruptcy court.[2] (Dkt. No. 183-2 at 13-14.) As such, the Defaulting Member is not committing to an immediate relief from the stay—since this is something the Defaulting Member cannot provide—but rather is agreeing not to oppose the petition for relief from the stay.[3] (*Id*. at 15.)

Similarly, the Court also cannot find that Section 11.3(b)'s remedy is unambiguously *not* forfeiture. For example, plaintiff's argument that 11.3(b) should be construed as a prepetition waiver, discussed above, only makes sense if the Court also finds that 11.3(b) is only triggered by a Member's own Insolvency Event, rather than the Insolvency Event of "any Affiliate that Controls the Member or its ultimate parent entity." Such an interpretation appears to directly contradict the plain language of Section 11.1(b) of the LLC Agreement, which clearly defines Defaulting Member to include a "Default" resulting from an Insolvency Event that "occurs in respect of such Member or any Affiliate that Controls the Member or its ultimate parent entity."

Thus, the Court finds that, on this summary judgment record, Section 11.3(b)'s remedy is ambiguous. Further factual development is needed to interpret the relevance and application, if any, of Section 11.3(b). Judgment as a matter of law is therefore inappropriate.

---

[2] *See, e.g.*, *In re Triple A & R Capital Inv., Inc.*, 519 B.R. 581, 583–84 (Bankr. D.P.R. 2014), *aff'd sub nom. In re Triple A&R Capital Inv. Inc.*, No. BR 14-4744 BKT11, 2015 WL 1133190 (D.P.R. Mar. 12, 2015) (collecting and analyzing cases nationwide that interpret the enforceability of prepetition waivers, noting that bankruptcy courts have "used different approaches with conflicting results," but that "the courts are in agreement that a prepetition waiver of the automatic stay, even if enforceable, does not enable the secured creditor to enforce its lien without first obtaining stay relief from the bankruptcy court").

[3] The Court has not done, nor has AS (Wright) provided, a thorough review of case law demonstrating typical language constituting a prepetition waiver. Moreover, for the reasons stated above, interpreting that provision as a prepetition waiver also contributes to the ambiguity in the agreement.

### III. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

Defendant Frontier's motion for partial summary judgment (Dkt. No. 154) and plaintiff AS (Wright)'s cross-motion for partial summary judgment (Dkt. No. 176) are both **DENIED.**

This Order terminates Dkt. Nos. 154 and 176.

**IT IS SO ORDERED.**

Dated: February 15, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**