UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEC US 1 LLC, ET AL.**,<br>Plaintiffs,<br>v.<br>**FRONTIER RENEWABLES LLC, ET AL.**,<br>Defendants. | Case No. 16-cv-01276-YGR<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br>Re: Dkt. No. 201 |

Pending before the Court is the Motion for Conservatory Preliminary Injunction ("Motion") filed by defendant Frontier Renewables LLC ("Frontier"). (Dkt. No. 201.) The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civ. L.R. 7-1 (b). Having carefully considered the pleadings and the arguments of the parties, and for the reasons set forth below, the Court hereby **DENIES** the Motion.

**I.     BACKGROUND**

Plaintiffs GEC US 1 LLC, AS (Wright) LLC, and Activ Solar Holdings (US) Inc. (collectively, "plaintiffs") bring this action against Frontier arising out of the parties' contractual relationships with respect to their jointly owned venture, Wright Solar, LLC, which was formed to develop a power generation project (the "Wright Project").[1]

According to Frontier, it has unilaterally managed to complete development of the Wright Project and, as a last step, has recently won a major contract to supply renewable energy in California for the next 20 years, worth hundreds of millions of dollars (the "Power Contract").

---

[1] *See* Order on Motions to Dismiss, Dkt. No. 120, for a detailed overview of the parties and the instant dispute.

1   (Declaration of Balduin Hesse In Support of Motion for Conservatory Preliminary Injunction
2   ("Hesse Decl."), ¶ 2.) Frontier states that Wright Solar has until April 11, 2017, to post millions of
3   dollars in financial securities that, given the dispute and the short timeline, can only be
4   accomplished through a sale of the Wright Project. (*Id.* ¶ 3.) As such, Frontier argues that the only
5   way to preserve the value of the Wright Project is to sell it to a third party buyer before April 11th.
6   (*Id.*) Frontier states it has several offers from capable third-party buyers, but cannot move forward
7   with a sale while the ownership of AS (Wright)'s interests in the Wright Project are in dispute. (*Id.*
8   ¶ 4.)
9       Frontier's motion hinges on its argument that it is entitled to take possession, dispose, and
10  receive all distributions of AS (Wright)'s interest in the Wright Project. (*See* Frontier's Mot. for
11  Partial Summary Judgment, Dkt. No. 154.) The Court has already ruled that the contractual
12  language on which Frontier relies is ambiguous and not ripe for resolution. (*See* Order on Cross-
13  Motions for Summary Judgment, Dkt. No. 198.). Frontier now argues that a Court order is
14  necessary before trial to provide assurance to such third-party buyers that a potential sale may be
15  consummated, regardless of the outcome of the dispute. (Hesse Decl. ¶ 4.) Further, given the
16  complete breakdown and dysfunction of the parties' relationship, a cooperative approach to a sale
17  is impossible at this time. (*Id.*)
18      Thus, Frontier requests that the Court allow the Wright Project to be sold by the April 11th
19  deadline, with all proceeds from the sale to be placed in an existing escrow account at US Bank to
20  which the parties are signatories, and to be distributed in line with either an ultimate judgment
21  rendered in this case, a settlement agreement between Frontier and AS (Wright), or a joint written
22  release letter.

23  **II.    MOTION FOR CONSERVATORY PRELIMINARY INJUNCTION**
24      **A.    Legal Standard**
25      Frontier moves for preliminary injunctive relief under Federal Rule of Civil Procedure 65
26  on its fifth counterclaim for declaratory judgment. In a diversity case such as this one, the Court
27  must first determine whether the movant would be entitled to injunctive relief under applicable
28  state law. *See Sims Snowboards, Inc. v. Kelly*, 863 F.2d 643, 647 (9th Cir. 1988) (under

1   the *Erie* doctrine, a district court sitting in diversity should first determine whether a preliminary
2   injunction would be available under state law). In this case, Delaware law controls. (LLC
3   Agreement § 20.7, Dkt. No. 22-3 at 36-37.) Only if injunctive relief is available under Delaware
4   law will the Court apply the standards of Rule 65. *See Sims Snowboards*, 863 F.2d at 647; *Int'l*
5   *Medcom, Inc. v. S.E. Int'l, Inc.*, 2015 WL 7753267, at *2 (N.D. Cal. Dec. 2, 2015).

6   To obtain a preliminary injunction under Delaware law, movants must demonstrate: (1) a
7   reasonable probability of success on the merits of their claims; (2) imminent, irreparable harm if
8   an injunction does not issue; and (3) that the harm, without the requested injunction, outweighs the
9   harm to the opposing party resulting from the injunction. *C & J Energy Svcs., Inc. v. City of Miami*
10  *Gen. Employees*, 107 A.3d 1049, 1066 (Del. 2014). While movants must demonstrate all three
11  elements, "[a] strong showing on one element may overcome a weak showing on another
12  element...." *In re the New Maurice J. Moyer Academy, Inc.*, 108 A.3d 294, 311 (Del. Ch.
13  2015) (alteration in original) (quoting *Cantor Fitzgerald, L.P. v. Cantor*, 724 A.2d 571, 579 (Del.
14  Ch. 1998)).

15  **B.      Analysis**

16  With respect to the first element, a reasonable probability of success on the merits, a
17  movant must "demonstrate that it will prove that it is more likely than not entitled to relief."[2] *C &*
18  *J Energy Svcs.*, 107 A.3d at 1067 (internal quotation marks omitted). This standard applies "in
19  cases where the improbability of ultimate success is because of a question of law, but as well
20  where it appears from an examination of evidence upon a disputed question of fact." *Gimbel*
21  *Signal Cos., Inc.*, 316 A.2d 599, 602 (Del. Ch. 1974), *aff'd*, 316 A.2d 619 (Del. 1974).

22  Applied here, in order to grant the Motion, the Court must be convinced that it is more
23  likely than not that Frontier will succeed on the merits of its fifth counterclaim for declaratory
24  relief. Therein, Frontier "seeks a judicial determination of the parties' respective rights, duties, and
25  ownership of Wright Solar under the MIPCA, LLC [Agreement], Omnibus and Omnibus

---

[2] Because the Court finds that Frontier has failed to demonstrate the first element, it does not address the remaining two elements for a preliminary injunction.

3

Amendment Agreements."[3] (Second Amended Counterclaims, Dkt. 125, ¶ 40). More specifically, the Court must analyze the likelihood of whether under the LLC Agreement, certain "Insolvency Events" in respect of Activ Solar GmbH rendered AS (Wright) a "Defaulting Member" as defined therein. (*See* Frontier's Mot. for Partial Summary Judgment, Dkt. No 154.)

As previously indicated, the Court has already denied Frontier's Motion for Partial Summary Judgment because it found the LLC Agreement's remedy ambiguous in the event of default. (*See* Order on Cross-Motions for Summary Judgment, Dkt. No. 198.) Although the Court declined to address the parties' arguments with respect to whether AS (Wright) became a "Defaulting Member" under the LLC Agreement, the Court cannot find Frontier has a reasonable probability of proving that AS (Wright) became a "Defaulting Member" as a result of the myriad theories advanced by Frontier. Accordingly, the Court **DENIES** the Motion for Conservatory Preliminary Injunction.

### III. CONCLUSION

In summary, Frontier has not demonstrated that it is more likely than not to succeed on the merits of its fifth counterclaim for declaratory relief. The Court therefore **DENIES** the Motion for Conservatory Preliminary Injunction.

This Order terminates Docket Number 201.

**IT IS SO ORDERED.**

Dated: March 14, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] *See* Order on Cross-Motions for Partial Summary Judgment, Dkt. No. 198, for a detailed overview of the contractual provisions at issue.